UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES HOLMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07CV1423 TCM |
| | ) |
| DONALD ROPER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Charles Holmes (registration no. 36870), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $12.72. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $63.58, and an average monthly balance of $18.05. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $12.72, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to

state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his liberty interests. Named as defendants are Donald Roper (Superintendent, Potosi Correctional Center), Ian Wallace (Asst. Superintendent, PCC), Dennis Mayberry (Captain, PCC), and Steven Gifford (Lieutenant, PCC). Plaintiff seeks declaratory and monetary relief.

Plaintiff alleges that he was confined in administrative segregation for seven months as a result of false charges brought by defendants Mayberry and Gifford against plaintiff for allegedly possessing a weapon. Plaintiff claims that Mayberry and Gifford attempted to coerce him to testify that he was carrying the weapon for three members of the institution's Muslim community. Plaintiff states that the false

charges were brought against him in retaliation for his refusal to fabricate a story for Mayberry and Gifford.

Plaintiff alleges that defendants Roper and Wallace purposely delayed the grievance process so that he would remain in administrative segregation without just cause. Plaintiff claims that the conduct violation was eventually dismissed and expunged by the Assistant Director of the Division of Adult Institutions.

## Discussion

In order to determine whether plaintiff "possesses a liberty interest, [the Court must] compare the conditions to which [plaintiff] was exposed in segregation with those he . . . could 'expect to experience as an ordinary incident of prison life.'" Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (quoting Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997)). In this context, the Court "do[es] not consider the procedures used to confine the inmate in segregation." Id. (citing Kennedy v. Bankenship, 100 F.3d 640, 643 (8th Cir. 1996)). For plaintiff "to assert a liberty interest, he must show some difference between [the] conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." Id. Plaintiff makes no such assertions in the complaint. As a result, plaintiff has failed to allege that defendants have infringed upon a constitutionally

protected liberty interest, and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $12.72 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 17th day of August, 2007.

_____
UNITED STATES DISTRICT JUDGE